**Ahmed S. SALEM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4320.

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

David K. Wenger, Detroit, MI, for Petitioner.

Allen W. Hausman, Michele Y.F. Sarko, U.S. Department of Justice, Washington, DC, for Respondent.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

*ORDER*

Ahmed S. Salem, a citizen of Yemen residing in Michigan, petitions this court for judicial review of an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's order denying his application for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On November 14, 1994, Salem was admitted into the United States as a non-immigrant visitor for pleasure for a period of time not to extend beyond November 10, 1995. He remained in the United States beyond that date, and, on April 27, 1999, the Immigration and Naturalization Service ("INS") commenced removal proceedings.

On November 1, 2000, the Immigration Judge ("IJ") conducted a removal hearing. Salem testified at the hearing about alleged instances of past persecution that he had suffered, along with his wife and two children, while living in Yemen. Salem's wife also testified in support of his application for asylum and withholding of removal. The IJ found the testimony to be credible, but concluded that Salem did not adequately demonstrate that he had suffered past persecution or that he had a well-founded fear of future persecution.

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The IJ denied Salem's application for asylum and withholding of removal, but granted him voluntary departure. The BIA affirmed the IJ's decision without opinion.

We have recently considered and rejected a claim that 8 C.F.R. § 1003.1(a)(7) violates constitutional due process. *See Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003). Further, the BIA's decision was supported by substantial evidence, *Daneshvar v. Ashcroft*, 355 F.3d 615, 624 (6th Cir.2004), and Salem has not presented compelling evidence sufficient to warrant reversal of the BIA's order. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003).

Because the BIA's decision satisfied due process concerns and was supported by substantial evidence, the petition for review is denied.